WESTERN UNION TELEGRAPH COMPANY v. T. L. BIRCHFIELD.

Decided February 24, 1897.

1. **Telegraph Company—Message—Address.**

A telegram to one stopping at a hotel in W. directed to him at that place, "care of some hotel," gives a sufficient address, and a petition seeking damages to the sender for failure to deliver it is not subject to special demurrer on the ground of his negligence in failing to give a more specific address.

2. **Telegraph—Former Recovery—Sender and Addressee.**

To a suit for damages to the sender of a telegram for failure to deliver it, a plea that the addressee has recovered judgment for damages to him by the same default presents no defense. The causes of action were distinct.

APPEAL from the District Court of McLennan County. Tried below before Hon. SAM R. SCOTT.

See Western Union Telegraph Company v. G. W. Birchfield, 14 Texas Civ. App., 664, a companion case to the present, in which a more detailed statement of the facts is given.

*Field, Brown & Camp,* for appellant.—The court erred in overruling this special exception to plaintiff's petition: "For further ground of demurrer herein, defendant says plaintiff's brother was guilty of such negligence in failing to give proper address to the messages, the basis of this suit, as precludes plaintiff from recovery herein. Moore v. Tel. Co., 13 S. E. Rep., 639.

The court erred in overruling the special exception to plaintiff's petition: "For further ground of demurrers herein, defendant says plaintiff's sufferings in Waco, by not being able to get a train to his mother before her death, is unreal and imaginary, because plaintiff could not have known of his mother's death, or that she would die before he reached her. Rowell v. Tel. Co., 75 Texas, 26; McAllen v. Tel. Co., 70 Texas, 243.

The court erred in overruling the sixth special exception to plaintiff's petition, as follows: "For further ground of demurrer defendant says plaintiff's failure to go to his mother on first train after the message was received by him was not its fault, and this defendant is in no wise liable for any damage occasioned plaintiff thereby.

The court erred in sustaining exceptions to that portion of defendant's answer which plead and relied on the judgment on the G. W. Birchfield case against this defendant in bar and as an estoppel against this plaintiff herein.

The court erred in refusing to charge the jury as requested by defendant in this special charge: "If the jury find and believe from the evidence that plaintiff's brother failed to give the address where T. L. Birchfield could be found in Waco, was the cause of the delay in delivering the telegram to his said brother, then and in that event plaintiff could not recover herein. Moore v. Tel. Co., 13 S. E. Rep., 639.

*Henry & Stribling* and *W. C. Halbert,* for appellee.

KEY, ASSOCIATE JUSTICE.—*Opinion.*—This appeal is from a judgment rendered against appellant for $200 damages for the failure to deliver two telegrams sent to appellee concerning the serious illness of his mother in the State of Arkansas.

The verdict of the jury involves findings—which find support in the testimony—to the effect that the telegrams were delivered to and received by the telegraph company as alleged; that it negligently failed to deliver them to the plaintiff in Waco, Texas, as alleged; that if they had been promptly delivered the plaintiff would have gone to Arkansas to see his mother in her last illness, and would have reached her bedside about nine hours before her death, and, as a result of not being able to do so, he suffered mental anguish, for which $200 is not excessive compensation.

The messages were addressed to the plaintiff at Waco, Texas, "care some hotel."

A special exception sought a ruling to the effect that the sender of the

messages was guilty of negligence in failing to give a more specific address. This exception was overruled, and there is no merit in the assignment of error complaining of the ruling. The plaintiff was stopping at a hotel in Waco, and if the messages had merely been directed to him at Waco, Texas, without any further indication of his residence or whereabouts, it would have been the duty of the telegraph company to ascertain if he was at any of the hotels in that city.

Nor is there any greater merit in the other exceptions to the plaintiff's petition which were overruled by the trial court.

The court very properly sustained appellee's exceptions to so much of appellant's answer as pleaded in bar a judgment rendered in the same court in favor of G. W. Birchfield against appellant. Appellee T. L. Birchfield, had no interest in the suit brought by G. W. Birchfield upon a separate and distinct cause of action, and the judgment rendered in that case could not affect appellee's rights.

What has already been said disposes of the other questions presented in appellant's brief. The judgment is affirmed.

*Affirmed.*